IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JLT HOLDINGS, LLC, | ) Case No. 18-33604 |
| | ) |
| Debtor. | ) Honorable A. Benjamin Goldgar |
| | ) |

### ORDER AUTHORIZING ~~AND APPROVING~~ SALE OF 220 GARDEN STREET TO JK PROPERTY HOLDINGS, LLC FREE AND CLEAR OF LIENS OR OTHER INTERESTS

THIS MATTER COMING TO BE HEARD upon the *Motion of JLT Holdings, LLC to Approve Sale of 220 Garden Street to JK Property Holdings, LLC Free and Clear of Liens or Other Interests* (the "**Motion**") of JLT Holdings, LLC (the "**Debtor**"), for entry of an order, pursuant to Federal Rules of Bankruptcy Procedure 2002, 6004, 9006, and 9007 authorizing the Debtor to sell the real property commonly known as 220 Garden Street, Building C, Yorkville, Illinois 60560 ("**220 Garden**") to JK Property Holdings, LLC ("**JK**") free and clear of liens or other interests; the Court having heard and considered the statements of counsel present and otherwise being fully advised in the premises; there having been no objections filed or presented in open court to the relief requested in the Motion; and it appearing to the Court that:

A. ~~This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M)~~

B. Notice of the Motion constitutes due, sufficient and timely notice to all persons entitled thereto in accordance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and of due process. ~~No other or further notice of the Motion or of this Order is necessary.~~

1014257_2

1

Case 18-33604   Doc 67   Filed 04/10/19   Entered 04/10/19 15:53:36   Desc Main
Document      Page 2 of 5

18-33604:59.4:Motion to Sell Property Free and Clear of Liens 363(f):Proposed Order Entered: 3/20/2019 4:38:52 PM by:Alexander Berk Page 2 of 5

C. ~~The consideration of $570,000.00 offered by JK in its proposed contract for the~~ sale of 220 Garden (the "**Sale Contract**") to the Debtor's estate for 220 Garden: (i) is fair and reasonable; (ii) is the highest and best offer for 220 Garden; (iii) will maximize the value received by the Debtor's estate for 220 Garden; and (iv) constitutes reasonably equivalent value and fair consideration.

D. It is in the estate's best interest to sell 220 Garden for $570,000.00 to JK on the terms set forth in the Sale Contract and the sale of 220 Garden will constitute a legal, valid, and effective transfer of 220 Garden free and clear of any liens, claims, interests, and encumbrances whatsoever to the fullest extent permitted by section 363(f) of the Bankruptcy Code arising prior to the date of the closing, with any such liens, claims, interests, and encumbrances whatsoever attaching to the proceeds of sale with the same validity, priority, force and effect held prior to the closing. McCormick 101, LLC ("McCormick") has consented to such sale provided that the sale closes, and McCormick receives the net proceeds thereof, on or before April 30, 2019.

E. JK would not consummate the purchase of 220 Garden if 220 Garden was not free and clear of liens, claims, interests, and encumbrances.

F. The Debtor may sell 220 Garden free and clear of liens, claims, interests and encumbrances of any kind or nature whatsoever because, and as applicable, one or more of the standards set forth in 11 U.S.C. § 363(f) have been satisfied, including that McCormick consents to the entry of and relief provided in this Order.

G. The Debtor has demonstrated that it is an exercise of its sound business judgment and it is in the best interest of the estate, the creditors, and all other parties in interest to ~~consummate the sale of 220 Garden on the terms contained in the Sale Contract.~~

Case 18-33604   Doc 67   Filed 04/10/19   Entered 04/10/19 15:53:36   Desc Main
            Document      Page 3 of 5

18-33604:59.4:Motion to Sell Property Free and Clear of Liens 363(f):Proposed Order Entered: 3/20/2019 4:38:52 PM by:Alexander Berk Page 3 of 5

H. ~~JK has negotiated the Sale Contract in good faith and is, in all respects, a good~~ faith buyer. As such, JK is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

I. The consummation of the Sale Contract will be a legal, valid, and effective transfer of 220 Garden to JK, and will vest JK with all right, title, and interest in and to 220 Garden, free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, in accordance with section 363(f) of the Bankruptcy Code.

J. To the extent any of the above findings of fact constitute conclusions of law they will be treated as such. To the extent any conclusions of law constitute findings of fact they will ~~be treated as such.~~

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. Pursuant to 11 U.S.C. §§ ~~105(a) and~~ 363(f) and Bankruptcy Rules 2002, 6004, 9006, and 9007 the Debtor is authorized and empowered to sell the estate's right, title and interest in 220 Garden to JK free and clear of all liens, claims, encumbrances and interests and to perform under, consummate, and implement the Sale Contract which is attached to the Motion as Exhibit B. All such liens, claims, encumbrances and interests will attach to the proceeds of sale with the same validity, priority, force and effect held prior to the closing. The Debtor is authorized to pay the proceeds of sale, net of customary closing costs, prorations and other expenses approved by this Court, to McCormick for application to McCormick's claim herein. Such payment shall be provisional pending final allowance of McCormick's secured claim pursuant to an order granting the *Motion of Debtor to Approve Compromise and Settlement Pursuant to Rule 9019* [Dkt. No. 39], or other order of this Court.

1014257_2

3

18-33604:59.4:Motion to Sell Property Free and Clear of Liens 363(f):Proposed Order Entered: 3/20/2019 4:38:52 PM by:Alexander Berk Page 4 of 5

2. Pursuant to section 363(f) of the Bankruptcy Code, subject to satisfaction of the terms and conditions hereof, (a) the transfer of 220 Garden pursuant to the Sale Contract constitutes a legal, valid, and effective transfer of 220 Garden, and (b) 220 Garden will be transferred to JK free and clear of any and all interests, liens, claims and encumbrances arising prior to the date of the transfer of 220 Garden to JK, known or unknown, including, without limitation: (i) all "liens" as defined in section 101(37) of the Code, and whether consensual, statutory, possessory, judicial or otherwise ("**Liens**"); (ii) all "claims" as defined in section 101(5) of the Code ("**Claims**"); (iii) all encumbrances of any kind in favor of any known creditors of the Debtor ("**Encumbrances**"); and (iv) those interests that purport to give any party a right or option to effect any forfeiture, modification, foreclosure or termination of the Debtor's interests in 220 Garden, or any similar rights (collectively, with Liens, Claims and Encumbrances, the "**Interests**").

4. Subject to the terms and conditions hereof, this Order is and will be effective as a determination that all Interests will be and are, without further action by any person or entity, released with respect to 220 Garden as of the closing.

5. The sale of 220 Garden to JK is "as is, where is" without any representations or warranties whatsoever.

6. The Court finds that JK is a good faith purchaser of 220 Garden within the meaning of 11 U.S.C. §363(m).

7. The Debtor is authorized to execute and deliver on behalf of the estate any and all documents reasonably necessary to implement the terms of the Sale Contract.

8. ~~The Court will retain jurisdiction to adjudicate any disputes that may arise in connection with the sale of 220 Garden.~~

1014257_2

4

Case 18-33604    Doc 67    Filed 04/10/19    Entered 04/10/19 15:53:36    Desc Main
Document      Page 5 of 5

18-33604:59.4:Motion to Sell Property Free and Clear of Liens 363(f):Proposed Order Entered: 3/20/2019 4:38:52 PM by:Alexander Berk Page 5 of 5

9. This Order will be binding in all respects upon all creditors of the Debtor and 220 Garden.

10. This Order will be effective and enforceable immediately upon entry and the 14-day stay period provided by Bankruptcy Rule 6004(h) will not apply so that the sale may close immediately.

Dated: __10 APR 2019__

Entered:

_____
United States Bankruptcy Judge

*Prepared by:*
Adam P. Silverman, Esq.
Steven B. Chaiken, Esq.
Alexander F. Berk, Esq.
Adelman & Gettleman, Ltd.
53 West Jackson Boulevard, Suite 1050
Chicago, IL 60604
*Attorney to the Debtor*

1014257_2

5